NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ESTATE OF RENEE A. DeFINA, | Hon. Dennis M. Cavanaugh |
| Plaintiff, | **OPINION** |
| v. | Civil Action No. 08-CV-4457 (DMC) |
| BARBARA R. BURNS, | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Defendant Barbara Burns ("Defendant") for reconsideration of the Court's September 24, 2008 Order remanding this action to New Jersey state court. Pursuant to Fed. R. Civ. P. 78, no oral argument was held. After considering the submissions of the parties, and based upon the following, the Court finds that Defendant's motion for reconsideration is **denied**.

I. BACKGROUND[1]

This matter arises upon an action filed in New Jersey state court by representatives of the Estate of Renee A. DeFina ("Plaintiff") to determine the ownership status of a condominium located at 980 Main Street, Hackensack, New Jersey (the "Property"). Plaintiff seeks the ejection of Defendant from the Property and the discharge of a *Notice of Lis Pendens* secured by

---

[1] The facts set-forth in this Opinion are taken from the Parties' statements in their respective moving papers.

Defendant on the Property. Defendant filed notice to remove the underlying action to this Court on September 5, 2008. The Court remanded the action *sua sponte* on September 24, 2008 on the basis that Defendant had failed to establish that she was a non-domiciliary of New Jersey and thus that the Court had diversity jurisdiction under 28 U.S.C. § 1332(a)(1). Currently before the Court is Defendant's motion for reconsideration of the Court's decision to remand.

## II.   STANDARD OF REVIEW

Motions for reconsideration are governed by Local Civil Rule 7.1(I). See United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999). Under Rule 7.1(I), a movant must submit "concisely the matter or controlling decisions which the party believes the [court] has overlooked." L. Civ. R. 7.1(I). Motions for reconsideration will be granted only where: (1) an intervening change in the controlling law has occurred; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice. Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros, 176 F.3d 669, 677 (3d Cir. 1999). Such relief is "an extraordinary remedy" to be granted "sparingly." See NL Indus. Inc. v. Commercial Union Ins. Co., 935 F. Supp. 513, 516 (D.N.J. 1996).

## III.   DISCUSSION

Defendant argues that the Court has diversity jurisdiction under Section 1332 because she is not a domiciliary of the State of New Jersey. The party asserting federal jurisdiction based on diversity of citizenship bears the burden of proving by a preponderance of the evidence that all parties on one side of the controversy are citizens of different states than all parties on the other side. See McCann v. Newman Irrevocable Trust, 458 F.3d 281, 286 (3d Cir. 2006). State

2

citizenship is determined according to a party's domicile. See Vlandis v. Kline, 412 U.S. 441, 454 (1973); see also McCann, 458 F.3d at 286. Domicile is determined according to the party's physical presence in a state and the intent to remain there. See Miss. Choctaw Indian Band v. Holyfield, 490 U.S. 30, 48 (1989). Determination of a party's domicile requires a totality of circumstances approach weighing a constellation of objective facts, including the location of real and personal property. See McCann, 458 F.3d at 286. Once acquired, a party's domicile is presumed to continue until it is shown to have been changed and a new one is established. See Mitchell v. United States, 88 U.S. 350, 353 (1874); see also Korn v. Korn, 398 F.2d 689, 691 n.4 (3d Cir. 1968). Parties may change domicile instantaneously, however, if they "take up residence at the new domicile" and "intend to remain there." McCann, 458 F.3d at 286.

Defendant's argument that the Court "overlooked" her status as a non-New Jersey domiciliary fails because Defendant established a new domicile in New Jersey when she moved into the Property with the intent to remain indefinitely. In her Notice of Removal, Defendant states merely that "no plaintiff is a domiciliary of the same state as any defendant," presumably based on Defendant's contention that she is a domiciliary of the State of Minnesota. In support of this, Defendant provided the Court with a mailing address of 14203 Chestnut Drive, Eden Prairie, Minnesota. Upon further inquiry, however, it appears that this address does not belong to Defendant, but rather is the home of her ex-husband. The filings show that Defendant specifically informed her adversaries that she did not live at the Minnesota address, and that no correspondence intended for her should be sent there, even threatening litigation for harassment if her adversaries failed to heed her warning.

More importantly, however, a review of the papers shows that, regardless of whether Defendant was ever a domiciliary of Minnesota, she established a new domicile in New Jersey when she moved into the disputed Property. Parties may change domicile instantaneously when they "take up residence at the new domicile" and "intend to remain there." McCann, 458 F.3d at 286. In this case, Defendant appears to have established residence at the Property with the intent to remain indefinitely. In her Answer, for example, Defendant describes the Property as "heretofore jointly occupied by Barbara R. Burns and Renee A. DeFina as their principal residence," and repeatedly refers to the Property as "Defendant's residence." Defendant also admits that she moved much of her personal property to the Property, including "clothing, jewelry, books, household items and valuable papers valued by the Hackensack Police Department at $30,699." Taken together, these facts support the finding that Defendant moved to the Property in New Jersey with the intent to make it her principle residence and to stay indefinitely, thus changing whatever domicile she may have had prior to the move. Furthermore, since it is unclear where Defendant currently resides, and because Defendant has not provided sufficient evidence to the contrary, the Court sees no reason to find that Defendant's status as a New Jersey domiciliary, once established, has changed.[2] Accordingly, because the Court did not "overlook" the facts surrounding Defendant's domicile, and because the Court finds that Defendant is a domiciliary of the State of New Jersey, her motion for reconsideration is denied.

---

[2] While the Court acknowledges Defendant's claim that she currently resides at the apparent Minnesota address of her ex-husband, the Court nonetheless notes that, even if true, such a re-location is insufficient to establish a new domicile given the apparent temporary nature of the stay and Defendant's admission that she "does not intend to remain in Minnesota permanently and anticipates that she will likely take up residence in New York or . . . Connecticut at some future time."

4

## IV.    CONCLUSION

For the reasons stated, it is the finding of this Court that Defendant's motion for reconsideration is **denied**. An appropriate Order accompanies this Opinion.

/s/ Dennis M. Cavanaugh, U.S.D.J.

Date:       December 29, 2008
Orig.:      Clerk
cc:         All Counsel of Record
            Hon. Mark Falk, U.S.M.J.
            File

5